Citation Nr: 1406910 
Decision Date: 02/19/14 Archive Date: 03/04/14

DOCKET NO. 08-18 374 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Portland, Oregon


THE ISSUE

Entitlement to service connection for an acquired psychiatric disorder, including posttraumatic stress disorder (PTSD), major depressive disorder, dysthymia, and a generalized anxiety disorder. 


REPRESENTATION

Appellant represented by: Oregon Department of Veterans' Affairs


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

Alicia R. Bordewyk
INTRODUCTION

The Veteran served on active duty from June 1970 to April 1971. 

This case comes before the Board of Veterans' Appeals (Board) on appeal from a May 2006 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Portland, Oregon, that, in pertinent part, denied entitlement to service connection for PTSD.

During the pendency of the Veteran's case, the United States Court of Appeals for Veterans Claims (court) held that claims for service connection for PTSD encompass claims for service connection for all psychiatric disabilities. Clemons v. Shinseki, 23 Vet. App. 1, 5-6 (2009) (the scope of a mental health disability claim includes any mental disability that may reasonably be encompassed by the claimant's description of the claim, reported symptoms, and the other information of record). As such, the Board has recharacterized the claim on appeal to more accurately reflect the court's holding in Clemons. 

In June 2010, the Veteran testified during a hearing at the RO before the undersigned. A transcript of the hearing is of record. 

The appeal is REMANDED to the RO via the Appeals Management Center (AMC), in Washington, DC. VA will notify the appellant if further action is required.


REMAND

The Veteran seeks service connection for an acquired psychiatric disorder, including PTSD. Prior to July 13, 2010, service connection for PTSD required: (1) medical evidence diagnosing the condition in accordance with 38 C.F.R. § 4.125(a); (2) a link, established by medical evidence, between current symptoms and an in-service stressor; and (3) credible supporting evidence that the claimed in-service stressor occurred. See 38 C.F.R. § 3.304(f) (2009), effective prior to July 13, 2010. However, effective July 13, 2010, 38 C.F.R. § 3.304 (f) was amended to include a new paragraph (f)(3) that reads as follows, in pertinent part: 

(f)(3) If a stressor claimed by a veteran is related to the veteran's fear of hostile military or terrorist activity and a VA psychiatrist or psychologist, or a psychiatrist or psychologist with whom VA has contracted, confirms that the claimed stressor is adequate to support a diagnosis of [PTSD] and the veteran's symptoms are related to the claimed stressor, in the absence of clear and convincing evidence to the contrary, and provided the claimed stressor is consistent with the places, types, and circumstances of the veteran's service, the veteran's lay testimony alone may establish the occurrence of the claimed in-service stressor. 

See 75 Fed. Reg. 39843 -51 (July 13, 2010) and corrective notice at 75 Fed. Reg. 41092 (July 15, 2010). However, the provisions of this amendment do not apply to the Veteran's claim because he does not attribute his psychiatric disorder to fear of hostile military or terrorist activity. 

Rather, the Veteran has attributed his psychiatric disorder, in part, to seeing an African American man in a bathroom whom he felt to be threatening in approximately June 1970 at Ft. Polk, Louisiana. During the night, he heard incidents of screaming or struggle and later learned there reportedly were two incidents of rape perpetrated by this individual. He also witnessed a stabbing murder at a stadium in El Paso, Texas, in approximately March 1971, shortly before his discharge from Fort Bliss. He was in a car with another person and witnessed the incident by an African-American and others present. The reported killer saw him and looked at him menacingly, wiping the blood off the knife, but did not pursue them. He later heard "they were looking for "him that he assumed could be a threat against his life. See August 19, 2010 VA medical record and June 2010 Board hearing transcript at page 11.

The Veteran testified that he did not know the identities of the individuals involved in the incidents. See Board hearing transcript at pages 9-10.

During the hearing, the Veteran's representative noted that the Veteran's record showed that he visited a priest and a psychologist, that he said occurred during basic training, and that he saw a dentist who prescribed a mouth guard due to stress. Id. at 6. The Board is unable to locate these records in the file.

Service treatment records do not describe complaints of stress and the Veteran's dental records are not among his service treatment records. 

VA medical records show that the Veteran has been variously diagnosed PTSD, major depressive disorder, dysthymia, and generalized anxiety disorder. He reported that these symptoms began during service and continued ever since. The Board finds that a VA examination is warranted to determine the etiology of any diagnosed psychiatric disorder found to be present. See McLendon v. Nicholson, 20 Vet. App. 79 (2006); see also Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. Sept. 14, 2009). Such an examination should specifically address whether the Veteran has PTSD that is related to a corroborated in-service stressor, or whether he has PTSD related to a stressor that is consistent with his service pursuant to 38 C.F.R. § 3.304(f)(3).

Recent medical records regarding the Veteran's treatment at the VA medical center (VAMC) in Portland, Oregon, dated since November 2010, should be obtained.
 
Accordingly, the case is REMANDED for the following action:

1. Ask the Veteran to provide detailed information concerning his claimed stressor(s), to include approximated dates of occurrence, within a two-month time frame. 

2. If sufficient information is provided, verify the stressors through official sources. (As noted above, service connection for PTSD no longer requires verification of stressors related to hostile military or terrorist activity, if consistent with the circumstances of service. See 38 C.F.R. § 3.304(f)(3)). In any event, the efforts should be made to verify the Veteran's alleged stressor of witnessing a stabbing murder in a stadium in El Paso, Texas, in approximately March 1971.

3. Obtain all medical records regarding the Veteran's treatment at the VAMC in Portland, dated since November 2010, and from any additional VA and non-VA medical provider identified by him.

4. Contact the National Personnel Records Center and any other appropriate federal records repository and request the Veteran's service dental records and any records regarding his visits to a priest and psychologist during active service.

If any records cannot be obtained after reasonable efforts have been made, issue a formal determination that such records do not exist or that further efforts to obtain such records would be futile, which should be documented in the claims file. The Veteran must be notified of the attempts made and why further attempts would be futile, and allowed the opportunity to provide such records, as provided in 38 U.S.C.A. § 5103A(b)(2) (West 2002 & Supp. 2012) and 38 C.F.R. § 3.159(e) (2012). 

5. Once the above development has been completed, the Veteran should be scheduled for a VA psychiatric examination by an examiner with appropriate expertise for the purpose of determining the nature and etiology any current acquired psychiatric disorder found to be present, including PTSD, major depressive disorder, dysthymia, and a generalized anxiety disorder.

The claims folder, including this remand and any relevant records contained in the Veteran's electronic file(s) should be made available to and reviewed by the examiner. All indicated tests and studies should be conducted and all clinical findings reported in detail.

The examiner should opine, for all psychiatric disabilities identified, whether it is at least as likely as not (i.e., probability of 50 percent or greater) that such disability had its onset during service, or is otherwise attributable to the Veteran's active service. 

The examiner must provide reasons for each opinion. If the examiner is unable to provide an opinion without resort to speculation, he or she should explain why this is so and what, if any, additional evidence would be necessary before an opinion could be rendered.

The absence of evidence of treatment for psychiatric symptomatology in the Veteran's service treatment records cannot, standing alone, serve as the basis for a negative opinion.

The examiner is advised that the Veteran is competent to report his symptoms and history, and such reports must be specifically acknowledged and considered in formulating any opinions.

If the examiner rejects the Veteran's reports, the examiner must provide a reason for doing so.

6. The agency of original jurisdiction (AOJ) should review the examination report to ensure that it contains the information, opinions, and rationales requested in this remand.

7. If any benefit on appeal remains denied, the AOJ should issue a supplemental statement of the case. Thereafter, the case should be returned to the Board, if in order.

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).
This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2013).



_________________________________________________
D. J. DRUCKER
Acting Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2013).